48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Lamar ALLEN, Defendant-Appellant.
 No. 94-3226.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1995.
Decided March 7, 1995.
 
 Before CUMMINGS, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 On June 6, 1994, Raymond Lamar Allen pled guilty to four counts of money laundering in violation of 18 U.S.C. Secs. 1956(a)(1)(B)(i) and 1957. The district court sentenced him to 63 months' imprisonment on each count to be served concurrently. On appeal, Allen argues that the district court abused its discretion by refusing to decrease his offense level for acceptance of responsibility.
 
 I. FACTS
 
 2
 Investigations by the Federal Bureau of Investigations and the Drug Enforcement Agency in Las Vegas, Nevada, led government agents to learn of an alleged cocaine dealer in Milwaukee named Ray Allen. Further investigations revealed that Allen attempted to launder the proceeds of his cocaine dealing through cash purchases of real estate and automobiles. Allen was arrested and charged with one count of conspiracy to possess with intent to distribute cocaine and cocaine base and four counts of money laundering.
 
 
 3
 On June 4, 1994, the government offered to drop the charge of conspiracy to possess with intent to distribute cocaine and cocaine base if Allen pled guilty to money laundering. On June 5, the day before the trial was scheduled to begin, Allen agreed to plead guilty to the money laundering counts. According to the government, Allen laundered $137,284.74.[1]
 
 
 4
 At the sentencing hearing, Allen objected to the government's contention that Allen laundered more than $100,000 and asserted that some of his money came from his business of refurbishing cars for profit. Renee Moore, Allen's sister, testified that Allen did buy and resell cars. However, records from the state of Wisconsin established that Allen did not own a car registered in Wisconsin during this time. Also, the Presentence Report states that Allen did not file income tax returns for 1991, 1992, or 1993, and that he was self-employed from 1989 through 1994 refurbishing and reselling cars, using the proceeds from drug sales to finance his operations.
 
 
 5
 The district court found that Allen laundered more than $100,000 and increased his offense level by one pursuant to U.S.S.G. Sec. 2S1.1(b)(2). Because of the lateness with which Allen pled guilty and Allen's refusal to accept responsibility for the full amount of money he laundered, the district court refused to reduce Allen's offense level for acceptance of responsibility. Allen now appeals the court's refusal to reduce his sentence for acceptance of responsibility.
 
 II. ANALYSIS
 
 6
 An appellate court gives great deference to a district court's denial of an acceptance of responsibility reduction, and will reverse only if clearly erroneous. United States v. Velez, Nos. 93-2196, 93-2197, 1995 WL 42821 at * 5 (7th Cir. Feb. 3, 1995); United States v. Francis, 39 F.3d 803, 807 (7th Cir.1994); see also United States v. Corral-Ibarra, 25 F.3d 430, 440 (7th Cir.1994) (decision will be affirmed if there is more than an adequate foundation in the record to support the finding). In determining whether a defendant truly accepts responsibility for the offense or is merely attempting spin control, the district court should apply common sense to the testimony it hears and the defendant it observes. Although a defendant's soliloquy may be eloquent, a district court may nonetheless consider it insincere and deny a reduction. See United States v. Dvorak, 41 F.3d 1215, 1217 (7th Cir.1994); United States v. Kerr, 13 F.3d 203, 205 (7th Cir.1993), cert. denied, 114 S.Ct. 1629 (1994).
 
 
 7
 It is the defendant who bears the burden of proving by a preponderance of the evidence that he is entitled to the reduction for acceptance of responsibility. Francis, 39 F.3d at 807. "A defendant who enters a plea of guilty is not entitled to an adjustment under this section as a matter of right." U.S.S.G. Sec. 3E1.1, comment 3; United States v. Dillard, 43 F.3d 299 (7th Cir.1994). The sole issue on appeal is whether the district court erred in refusing to reduce Allen's offense level for acceptance of responsibility.
 
 
 8
 Allen first argues that the lateness of the guilty plea is mitigated by the government's conduct. According to Allen, the sticking point in the plea negotiations was count one: possession of cocaine and cocaine base with intent to distribute. When the government offered to drop the possession count, Allen agreed to plead guilty immediately. Thus, the lateness of the guilty plea is not due to Allen's lack of remorse or refusal to accept responsibility, but to the government's late offer to drop the possession count.
 
 
 9
 We disagree. The district court may consider the timeliness of the defendant's conduct in determining acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment 1(h); see also Corral-Ibarra, 25 F.3d at 442; Kerr 13 F.3d at 205 (district court might properly rely on "a defendant's failure to demonstrate truthfulness and remorse prior to the final hour"); United States v. Tolson, 988 F.2d 1494, 1499 (7th Cir.1993) (expressing skepticism of defendant's "last minute, formalistic demonstration of remorse"); United States v. Osborne, 931 F.2d 1139, 1155 (7th Cir.1991) (lack of remorse until "the final hour" a proper basis for denial). Allen did not enter a plea of guilty until the morning of the trial. Although the government did not offer the plea until the preceding day, the court blamed Allen for refusing earlier offers and never making an offer to the government to plead guilty if the government dropped the first count. See Tr. at 101, 124-25.
 
 
 10
 Allen next argues that the district court erred by using Allen's challenge at the sentencing hearing to the government's computation of the amount of money laundered as a basis to deny a reduction for acceptance of responsibility. Specifically, Allen argued at sentencing that the government double-counted certain items and that some of this money was attributable to Allen's car refurbishing business. Allen believes the district court erred because (1) by using the challenge as a basis for the denial, the district court shifted the burden of proof to the defense to prove the amount of money laundered, and (2) the challenge was consistent with an acceptance of responsibility.
 
 
 11
 Allen's first argument confuses what the district court did. In determining the amount of money laundered, the district court heard testimony and argument regarding Allen's conduct at the time of the offense. In determining that Allen did not accept responsibility for his crime, the court did not revisit the amount of money Allen laundered, but reflected on Allen's conduct during the proceedings. Evidence of acceptance of responsibility may be outweighed by subsequent conduct that is inconsistent with the acceptance of responsibility or by false denials of relevant conduct for which he is accountable. U.S.S.G. Sec. 3E1.1, comment 3.
 
 
 12
 In rejecting Allen's challenge to the calculations of the amount of money laundered, the district court determined that Allen refused to accept responsibility for the full amount of money he laundered. Allen insisted that part of the money came from a car refurbishing business but presented no evidence of any skill or background he had in that business, persons from whom he purchased cars, and expenses he might have incurred in refurbishing the cars. Because car refurbishing requires some specialization, the court expected some type of paper trail to credit Allen's assertion. The Wisconsin Department of Transportation did not even have a record of Allen owning a car during that period.
 
 
 13
 In United States v. Linnear, 40 F.3d 215, 222 (7th Cir.1994), the defendant attempted to minimize his role in the offense by falsely denying possession of a gun during the offense and by falsely denying that he had a supervisory role in the organization. The court found that "a defendant who falsely denies relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. (quoting United States v. Rosalez-Cortez, 19 F.3d 1210, 1219 (7th Cir.1994). Similarly, the court held in Brown:
 
 
 14
 If a defendant denies relevant conduct and the court determines such conduct occurred, the defendant cannot claim to have accepted responsibility for his actions.... Further, if a defendant denies the government's statement of relevant conduct, ... he thereby exposes his denials to the scrutiny of the court.
 
 
 15
 United States v. Brown, No. 93-4061, 1995 WL 45036 at * 3-4 (7th Cir.1995) (citations omitted); see also Dillard, 43 F.3d at ---- (less than candid responses and untruthful account of the facts concerning his involvement in a check cashing scheme supported denial of acceptance of responsibility reduction); United States v. Clay, 37 F.3d 338, 344 (7th Cir.1994) (attempt to disprove amount of cocaine attributable to defendant a factor to deny acceptance of responsibility reduction); United States v. Pitz, 2 F.3d 723, 732 (7th Cir.1993) (not entitled to acceptance of responsibility if not accept full responsibility), cert. denied sun. nom., DuPont v. United States, 114 S.Ct. 2141 (1994).
 
 
 16
 The district court did not base its denial on either one of these factors alone, but determined that collectively, the evidence did not demonstrate that Allen accepted responsibility for his offense sufficiently to warrant a reduction of his offense level under Sec. 3E1.1. Because that finding was not clearly erroneous, we AFFIRM Allen's sentence.
 
 
 
 [1]
 The government offered a tape receipt of its calculation to the district court, but this receipt does not seem to be a part of the record and the record does not indicate how this number was determined. However, Allen does not contest on appeal the amount of money laundered on appeal